IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTIAN LANCE HALTERMAN, | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS** |
| Petitioner, | |
| v. | Case No. 2:11-CV-1065 DB |
| ALFRED BIGELOW et al., | District Judge Dee Benson |
| Respondents. | |

Petitioner, Christian Lance Halterman, an inmate at Utah State Prison, filed a federal habeas corpus petition here, in which he challenges his imprisonment. He states he is serving a one-to-fifteen-year sentence for a manslaughter conviction.

This petition appears to contest, under 28 U.S.C. § 2254, Petitioner's sentencing, and, under 28 U.S.C. § 2241, the consequent execution of his sentence. Under § 2254, he apparently argues that he was sentenced to an unconstitutional indeterminate sentence. Under § 2241, he appears to argue, among other similar possibilities, that the Utah Board of Parole and Pardons (BOP) improperly executed his sentence by improperly conducting the process of denying him parole and not following "the matrix" which would have limited his time served to fewer years. He disagrees with the amount of time he has served.

## ANALYSIS

### a. Section 2254 Claim

Petitioner attacks the constitutionality of Utah's indeterminate-sentencing scheme. The same challenges were

soundly rejected by the Tenth Circuit. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010). The Court thus denies any relief on the basis of this § 2254 claim.

### b. Section 2241 Claims

The Court next addresses Petitioner's assertions under § 2241 that he was entitled to an earlier release, grounded on BOP improprieties, "the matrix," and his belief that he has simply been imprisoned too long--although short of his fifteen-year maximum.

### 1. Period of Limitation

The statute setting forth the period of limitation for federal habeas petitions reads in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C.S. § 2244(d)(1) (2013).

The Court calculates the period of limitation as follows: The one-year period began running on November 2, 2010, the date when the Utah Supreme Court denied Petitioner's petition for writ of certiorari regarding his state post-conviction application.

2

Petitioner then had to file these § 2241 claims within one year, adding any time tolled by statute or equity. *See id.* § 2244(d); *Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000). However, he filed this petition six days too late, on November 8, 2011.

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.S. § 2244(d)(2) (2013). Meanwhile, equitable tolling is also available but only in "'rare and exceptional circumstances.'" *Laurson v. Leyba*, 507 F.3d 1230, 1232 (2007) (quoting *Gibson*, 232 F.3d at 808).

Petitioner does not argue that statutory or equitable tolling apply here. Accordingly, the above § 2241 claims before the Court were filed past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling save Petitioner from the period of limitation's operation. The Court thus denies Petitioner's claims.

### 2. Lack of Federal Constitutional Violation

As an alternative basis to deny Petitioner's § 2241 claims, the Court concludes there is no federal constitutional violation here. "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution

or laws or treaties of the United States." See 28 U.S.C.S. § 2241(c) (2013). As to BOP's decision about the length of Petitioner's prison stay and its denial of constitutional rights in determining whether to grant parole, Petitioner never states how any of this violates any federal rights. Nor can he do so effectively. After all, "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"--in this case, a span of one-to-fifteen years. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection. See *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

## CONCLUSION

The Court denies all Petitioner's claims because they do not survive an analysis on the merits. Alternatively, Petitioner's § 2241 claims were filed past the period of limitation. Also, Petitioner's apparent side argument that he has been denied a law library and adequate legal help in bringing his petition is a conditions-of-confinement, civil-rights claim that is invalidly brought in this habeas petition.

IT IS THEREFORE ORDERED that Respondents' motion to dismiss the petition is GRANTED. (*See* Docket Entry # 9.)

IT IS FURTHER ORDERED that Petitioner's potential civil-rights claim is improperly raised in this habeas case. The Clerk of Court must mail Petitioner a packet of information containing a blank civil-rights complaint and information on filing the complaint, should Petitioner wish to further pursue this potential claim.

DATED this 23rd day of March, 2013.

BY THE COURT:

_____
DEE BENSON
United States District Judge